Case 3:04-cr-00321-● Document 12 Filed 02/02/05 Page 1 of 7 PageID 25

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 2 2005

CLERK, U.S. DISTRICT COURT
By _____ S W
                Deputy

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1   TXND Mod - 09/28/04

# UNITED STATES DISTRICT COURT

**Northern** District of **Texas - Dallas**

UNITED STATES OF AMERICA
V.
**NORMAN POTTS**

JUDGMENT IN A CRIMINAL CASE

Case Number: **3:04-CR-321-G(01)**

USM Number: **32723-177**

**Gary Warren**
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **1 and true to Count 2 of the 2 Count Information**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2252A(a)(5)(B) | Possession of child Pornography in Interstate Commerce | 01/24/04 | 1 |
| 18 USC § 2253(a)(1) & 3 | Forfeiture Allegation | 1/24/04 | 2 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 1, 2005**
Date of Imposition of Judgment

_A. Joe Fish_ (signature)
Signature of Judge

**A. JOE FISH**
**CHIEF JUDGE**
Name and Title of Judge

**February 2, 2005**
Date

AO 245B (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment    TXND Mod - 9/28/04

Judgment — Page ____ of ____7____

DEFENDANT: **NORMAN POTTS**
CASE NUMBER: **3:04-CR-321-G(01)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**SIXTY-THREE (63) MONTHS**

[✓] The court makes the following recommendations to the Bureau of Prisons:
**that the defendant be designated to a facility where he can receive the appropriate counseling and treatment for his sexual addiction. Also, a facility that will be sensitive to the defendant's law enforcement background as well as that of his two brothers who are both employed as Federal Correctional Officers.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
   [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [✓] before **2:00 p.m.** on **February 22, 2005** .
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **3** of **7**

DEFENDANT: **NORMAN POTTS**
CASE NUMBER: **3:04-CR-321-G(01)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **THREE (3) YEARS**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.


DEFENDANT: **NORMAN POTTS**
CASE NUMBER: **3:04-CR-321-G(01)**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide to the U.S. Probation Officer any requested financial information.

The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (co-payment) at a rate of at least $50 per month.

The defendant shall participate in sex offender treatment services as directed by the U. S. Probation Officer until successfully discharged. These services may include psyco-physiological testing to monitor the defendant's compliance, treatment, progress, and risk to the community.

The defendant shall not access or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children under the age of 18 may frequently congregate, unless approved in advance by the U.S. Probation Officer.

The defendant shall neither possess nor have under his/her control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

The defendant shall register with state and local law enforcement as directed by the U.S. Probation Officer in any state where the defendant resides, is employed, carries on a vocation, or is a student. The defendant shall provide all information required in accordance with state registration guidelines. Initial registration shall be completed within seven calendar days after release from confinement. The defendant shall provide written verification of registration to the U. S. Probation Officer within three business days following registration. This registration shall be renewed annually and each time a change of residence occurs.

The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where children under the age of 18 would congregate without prior permission of the U.S. Probation Officer.

The defendant shall not date or befriend anyone who has children under the age of 18, unless approved in advance by the U.S. Probation Officer.

The defendant shall obtain approval of the U.S. Probation Officer prior to a change in residence or living situation.

The defendant shall submit a blood sample as directed by the U.S. Probation Officer, to be included in the State Sex Offender DNA Data Bank. The defendant shall pay for the costs of such services.

DEFENDANT: **NORMAN POTTS**
CASE NUMBER: **3:04-CR-321-G(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|
| | | |

**TOTALS** $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

DEFENDANT: **NORMAN POTTS**
CASE NUMBER: **3:04-CR-321-G(01)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the defendant shall pay to the United States a special assessment of $100 on Count 1, which shall be paid immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  Case 3:04-cr-00321- Document 12  Filed 02/02/05  Page 7 of 7  PageID 31
(Rev. 12/03) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page 7 of 7

DEFENDANT: **NORMAN POTTS**
CASE NUMBER: **3:04-CR-321-G(01)**

# ADDITIONAL FORFEITED PROPERTY

The Court further ORDERS forfeited to the United States of America in accordance with 18 U.S.C. § 2253(a) and Fed.R.Crim.P. 32.2(b)(3), defendant's interest in the following property:

1. One computer containing a 20 gigabyte Maxtor hardrive seized by the Bureau of Immigration and Customs Enforcement on January 21, 2004; and

2. One compact disc also seized by the Bureau of Immigration and Customs Enforcement on January 21, 2004.